## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| JERRY W. HEDRICK, JR. on behalf of | ) | |
| Himself and others similarly situated, | ) | Jury Trial Requested |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case no.:  15-cv-9358 |
| | ) | |
| BNC NATIONAL BANK | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT
### Collective Action under Fair Labor Standards Act

**COMES NOW**, the Plaintiff Jerry W. Hedrick, Jr., on behalf of himself and all others similarly situated, by and through his attorneys Donelon, P.C., and brings this action against Defendant BNC National Bank for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b).  The following allegations are based on personal knowledge as to Plaintiff's conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, in that this action is being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

2.     Venue is proper in the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1391 because Defendant maintains a business location in Overland Park, Johnson County, Kansas where Plaintiff was employed as a Loan Officer for Defendant and it does business in this district.

## PARTIES

3.      Defendant Great Plains National Bank is a banking institute that falls under the national bank charter class. Its headquarters is located at 20175 North 67th Avenue, Glendale, Arizona.  Defendant operates a mortgage business in Overland Park, Kansas.  The Defendant's Director is Tracy J. Scott.

4.      Defendant is engaged in interstate commerce by, among other things, selling mortgage loans and other financial products at its office location in Overland Park, Kansas.

5.      Upon information and belief, Defendant's gross annual sales made or business done has been $500,000 per year or greater at all relevant times.

6.      Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

7.      Plaintiff Jerry W. Hedrick, Jr. (hereafter "Plaintiff") resides in Lee's Summit, Missouri.  Plaintiff worked for Defendant as a Loan Officer from on or about March 2013 through on or about September 2015 at Defendant's office located in Overland Park, Kansas.  Numerous other similarly situated Loan Officers employed by Defendant worked with the Plaintiff at this location.

8.      Plaintiff, and others similarly situated, are current or former employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

9.      Plaintiff and others similarly situated have been employed by Defendant within two to three years prior to the filing of this lawsuit.  *See* 29 U.S.C. § 255(a).

10.     Plaintiff brings this action on behalf of himself and other similarly situated employees pursuant to 29 U.S.C. § 216(b).

11.     Plaintiff and others similarly situated are individuals who were, or are, employed by Defendant as Loan Officers, or as employees with similar job duties at Defendant's Overland Park, Kansas office location.

## FACTUAL ALLEGATIONS

12.     Plaintiff and others similarly situated worked as Loan Officers for Defendant.

13.     Defendant is a financial institution that, among other things, sells financial products to customers including mortgage products.

14.     As Loan Officers, Plaintiff and others similarly situated, had or have the primary duty of selling mortgage loan products for Defendant.  This primary duty established the Plaintiff and others similarly as being entitled to overtime pay under the FLSA (*i.e.,* nonexempt employees under the FLSA).

15.     Plaintiff and others similarly situated performed this duty primarily from Defendant's offices located in Overland Park, Kansas.

16.     Plaintiff and others similarly situated, were denied overtime pay for hours worked in excess of forty per workweek as required under the FLSA.

17.     On a weekly basis throughout their employment, the Plaintiff and others similarly situated, routinely worked in excess of forty hours per workweek during their employment with Defendant without receiving overtime compensation as required under the FLSA.  Defendant failed to require Plaintiff and others similarly situated to record all actual hours worked, thereby denying them overtime pay under the FLSA.  On average, the Plaintiff worked an estimated 50 hours each workweek while employed

with Defendant without receiving any overtime premium as required under the FLSA. Plaintiff observed other Loan Officers working the same hours and has personal knowledge that they were also denied overtime pay.

18.     The FLSA requires covered employers, such as Defendant, to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek.  When calculating the regular rate of pay, it shall include all nondiscretionary compensation. Calculating the overtime rate of pay under the FLSA also requires the Defendant to properly record all hours worked each workweek by the Plaintiff and others similarly situated.  Defendant failed these FLSA obligations regarding the Plaintiff and all others similarly situated.

19.     Under its practice, Defendant discouraged Plaintiff and others similarly situated from recording over forty hours worked per workweek despite this work being performed.

20.     Defendant's conduct was willful and in bad faith.  Defendant was aware, or should have been aware, that Plaintiff and others similarly situated performed work that required payment of overtime compensation and that its nondiscretionary commission income must be included when calculating the overtime rate of pay.

21.     Upon information and belief, Defendant did not keep accurate records of hours worked by Plaintiff and others similarly situated as required by law.

22.     Moreover, it is common knowledge within the financial industry that courts and the United States Department of Labor have found loan officers to be non-exempt and entitled to overtime compensation, and that commission income should be included in calculating their overtime rate of pay.

4

23.     Defendant operated under a scheme to deprive its Loan Officers of overtime compensation by failing to accurately compensate at the correct overtime rate of pay; and by failing to make, keep, and preserve records of their hours worked.

## FLSA COLLECTIVE ACTION ALLEGATIONS

24.     Plaintiff, on behalf of himself and others similarly situated, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

25.     Plaintiff files this action on behalf of himself and all individuals similarly situated.  The proposed collective class for the FLSA claims is defined as follows:

> All persons who worked as a Loan Officers (or persons with similar job duties) for Defendant at its Overland Park, Kansas location within three years prior to the filing of this Complaint (hereafter the "FLSA Collective").

26.     Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).  Plaintiff's signed consent form is attached as Exhibit A.

27.     During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked.

28.     Defendant failed to preserve records relating to these hours worked as required by 29 C.F.R § 516.2.

29.     Plaintiff and the FLSA Collective are victims of Defendant's widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201 *et seq.*, and that have caused significant damage to Plaintiff and the FLSA Collective.

30.     Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint in ways including, but not limited to, failing to pay its employees overtime compensation.

31.     Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

32.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and others similarly situated, and, as such, notice should be sent to the FLSA Collective.  There are numerous similarly situated current and former employees of Defendant who have suffered from Defendant's common policies and plans of failing to properly pay its Loan Officers overtime, and who would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join.  Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## CAUSES OF ACTION

### COUNT I – OVERTIME VIOLATIONS UNDER FEDERAL LAW
### The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*
### *On Behalf of Plaintiff and Those Similarly Situated*

33.     Plaintiff, on behalf of himself and others similarly situated, re-allege and incorporate the preceding paragraphs by reference as if fully set forth herein.

34.     The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

35.     Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours per week without overtime compensation.

36.     Defendant's actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective at the required overtime rate.

37.     Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals overtime compensation in violation of the FLSA.

38.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered, and will continue to suffer, a loss of income and other damages.  Plaintiff and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

39.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

40.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, pray for relief as follows:

a)     Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b)    Judgment against Defendant finding it failed to pay Plaintiff and those similarly situated overtime as required under the FLSA;

c)    Judgment against Defendant for Plaintiff and those similarly situated for unpaid back wages, and back wages at the applicable overtime rates;

d)    An amount equal to their damages as liquidated damages;

e)    A finding that Defendant's violations of the FLSA are willful;

f)    All costs and attorneys' fees incurred prosecuting this claim;

g)    An award of prejudgment interest (to the extent liquidated damages are not awarded);

h)    Leave to add additional plaintiffs by motion, the filing of consent forms, or any other method approved by the Court;

i)    Leave to amend to add additional state law claims; and

j)    All further relief as the Court deems just and equitable.

## DEMAND FOR JURY

The Plaintiff in the above captioned matter hereby demands a jury for all claims set forth herein.

## LOCATION OF TRIAL

The location of this trial should be Kansas City, Kansas.

Respectfully Submitted,



*/s/ Brendan J. Donelon*
Brendan J. Donelon, MO Bar. 43901
420 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:    (816) 221-7100
Fax:    (816) 709-1044
brendan@donelonpc.com

ATTORNEY FOR PLAINTIFF